INHABITANTS OF TOLLAND *vs.* COUNTY COMMISSIONERS OF
BERKSHIRE.

By the Rev. Sts. c. 14, § 26, if the order of notice upon a petition to county commissioners
    for the repair of a highway is issued by a board of commissioners, one member of which
    resides in a town in which part of the highway lies, all subsequent proceedings are in-
    valid, unless the irregularity is waived; and the presence, at the hearing upon the petition,
    of some citizens of a town, is no waiver of the irregularity on the part of that town.

PETITION for a writ of *certiorari* to quash the proceedings of
the county commissioners of Berkshire, ordering the rebuilding
of the Belden Bridge and the repair of the Denslow Bridge
across the Farmington River between the towns of Tolland in
Hampden County and Sandisfield in Berkshire; and to restrain
the execution of a warrant of distress issued by said commis-
sioners against the town of Tolland.

This case was argued at Lenox at September term 1858, by
*W. G. Bates*, for the petitioner, and *M. Wilcox*, (*G. J. Tucker*
with him,) for the respondents, and judgment entered in Hamp-
den at September term 1859. The facts necessary to the un-
derstanding of the decision are stated in the opinion.

MERRICK, J. The validity of the warrant which the peti-
tioners seek to restrain the respondents from enforcing depends
upon the decision of the question whether the proceedings upon
the petition of the inhabitants of Sandisfield for the rebuilding
and repair of the Belden and Denslow Bridges were legal, and
obligatory upon all parties in interest. That petition was pre-
sented to the county commissioners of the county of Berkshire,
and notice of the time and place of the hearing to be had thereon
was ordered by them, and the service of the order of notice was

made returnable to Lemuel K. Strickland, chairman of the board. It appears from the agreed statement of facts that Mr. Strickland was then an inhabitant of, and resident within the town of Sandisfield. By § 26 of the Rev. Sts. *c.* 14, it is provided, among other things, that if the road, or any part of it, upon which the commissioners are to act, lies within a town within which one of them resides, the other members of the board shall give notice to one of the special commissioners, and he shall forthwith proceed to act in the board, and shall have the same authority in all respects as the county commissioner who is so disqualified. Under this provision it is plain that Mr. Strickland was disqualified to act upon the petition of the inhabitants of Sandisfield. His residence in that town was a positive disqualification : and until one of the special commissioners was called in, and assumed the discharge of his duties, there was no board legally constituted or competent to act upon the petition.

No notice was ever given, or directed to be given, except that which was ordered by the board when Mr. Strickland constituted one of its members, and as this was an order which the board so organized was not competent to make, the town of Tolland was never legally notified of the presentment or pendency of that petition, and was of course under no legal obligation to respond to it at the time and place fixed for the hearing. And as no sufficient foundation was laid by the notice emanating from such a source, for any future proceedings, whatever subsequently took place was erroneous and illegal, unless it was expressly, or, by a waiver of the objection which might have been insisted upon, impliedly assented to by the adverse party.

No doubt this objection was of such character that it might have been waived, and if it had been, either directly or indirectly, it could not, at any later stage in the proceedings, have been revived or interposed. *Kent* v. *County Commissioners*, 10 Pick. 521. The doctrine of waiver is founded upon a useful and reasonable principle, is of extensive application, and has been repeatedly recognized by this court as affording a sufficient rea-

son for upholding proceedings which could not otherwise be sustained. *Simonds* v. *Parker*, 1 Met. 508. *Carpenter* v. *Aldrich*, 3 Met. 58. *Clark* v. *Montague*, 1 Gray, 446.

But in this case there is no proof whatever, and no evidence tending to establish the fact of a waiver of this objection by the inhabitants of Tolland. It is not shown by the record, nor by anything contained in the agreed statement of facts, that they ever appeared before the commissioners in pursuance of the notice ordered, or that they ever made themselves a party to, or were heard upon the prayer of the petition. It is stated in the record that "the petitioners and divers other citizens of the towns of Sandisfield and Tolland were present at the time and place fixed by the hearing;" but no mention is made of any appearance by the town of Tolland. Certain of the inhabitants of the town were indeed there, but they had no power or authority to represent the corporation or compromise its rights.

On the other hand, it is obvious that the town was, from the beginning, steadily opposed to the petition, and that there never was an intention on their part to concede advantages to the petitioners, or to yield or waive any rights or privileges to which they were entitled. They attempted to procure, and actually obtained, by an order of the commissioners of the county of Hampden, a discontinuance of one of the ways described in the petition, and an act of the legislature, by the terms of which the whole of the bridge upon the other was located within the limits of the town of Sandisfield. And in May 1855, before the commencement of any repairs upon the one, or of the reconstruction of the other bridge, they passed a vote at a legal town meeting, in which, among other things, they expressly protested that the order of the county commissioners of the county of Berkshire upon these subjects was illegal, informal and void, and that they recognized no obligation on their part to be bound by any proceedings which had taken place upon and under the petition. This vote was immediately afterwards communicated both to the county commissioners of the county of Berkshire, and to the inhabitants of Sandisfield. It is impossible, under such circumstances, to find that the inhabitants of Tolland waived

or surrendered any of their rights, or gave up an objection which was material to their defence, and upon which they were entitled to insist.

As all the proceedings upon the petition were irregular and illegal as against the inhabitants of Tolland, it follows that the warrant which was subsequently issued against them for the amount of their alleged share of the cost and expense incurred in the repair and construction of the bridges is invalid. As this in substance is a definitive determination of the whole matter in interest between the parties in the present case, it is unnecessary to consider the other questions raised and discussed by the parties at the argument. *Writ of certiorari to issue.*